UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:16-cr-000266-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| JOSE A MOUW, | |
| Defendant. | |

## I. INTRODUCTION

Before the Court is Defendant Jose Mouw's Motion to Reduce Sentence.[1] Dkt. 69.

The Government opposes the Motion. Dkt. 72.[2]

Having reviewed the record and briefs, the Court finds the facts and legal arguments

are adequately presented. Accordingly, the Court will decide the Motion without oral

argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[3] Upon review, and for the reasons set forth

below, the Court DENIES Mouw's Motion.

---

[1] While Mouw filed this motion as a Motion to Reduce Sentence, it is, more accurately, a Motion for Compassionate Release and will be analyzed as such.

[2] Mouw also filed a notice asking the Court to grant his Motions outright because the Government failed to timely respond. Dkt. 71. Then, after the Government responded, Mouw filed a Motion to Strike the Government's response on the same basis. Dkt. 75. Because Mouw's original motion was not styled as a motion for compassionate release, the Court did not send out its standard briefing schedule. Thus, there was no official deadline for the Government's response. That procedural oversight is the fault of the Court, not the Government. The Court will not strike the Government's response, and both of these motions are DENIED.

[3] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are

## II. BACKGROUND

### A. Factual Background

On November 8, 2016, Mouw was charged with one count of distribution of 50 grams or more of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(B), and one count of possession with intent to distribute 500 grams or more of methamphetamine under 21 U.S.C. § 841(a)(1) and (b)(1)(A). Dkt 14. The Government filed an enhancement pursuant to 21 U.S.C. § 851 regarding count two, possession with intent to distribute 500 grams or more of methamphetamine. Dkt 47. Mouw subsequently pleaded guilty to count two and the Section 851 enhancement. Dkt 51. On November 13, 2017, the Court sentenced Mouw to 240 months imprisonment to be followed by ten years on supervised release. Dkt 64.[4] Mouw has served roughly 103 months of his sentence. He is currently incarcerated at the Federal Correction Institution in Los Angeles ("FCI Terminal Island"). Dkt 64.

### B. Procedural Background

On May 20, 2024, Mouw submitted a request for a reduction in sentence to the Warden of FCI Terminal Island. Dkt 69, at 40. Mouw's request was based on the length of his sentence, several unspecified medical conditions, and a heightened risk of COVID-19 complications. *Id.* The Warden denied Mouw's request, stating his request was not extraordinary and compelling as required under 18 U.S.C. § 3582(c)(1)(A). Dkt. 69, at 42. Approximately six months later, Mouw filed the instant Motion to Reduce Sentence with

---

otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

[4] Judge Edward J. Lodge originally presided over this case. However, due to Judge Lodge taking inactive status, the matter was reassigned to the undersigned judge on December 3, 2024. Dkt. 70.

the Court. Dkt. 69. Mouw's request before the Court is based on medical factors including Bell's palsy, hyperlipidemia, cranial neuropathy, synkinesis of the left upper eyelid, crocodile tear syndrome, cervicogenic headaches, anxiety, and depression, as well as the length of his sentence. *Id.* The Government responded in objection (Dkt. 72), to which Mouw replied (Dkt. 73). The matter is ripe for review.

### III. LEGAL STANDARD

Mouw seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[5] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical

---

[5] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants on their own behalf. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). District courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

MEMORANDUM DECISION AND ORDER - 4

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his current Motion, Mouw included both a copy of his request to the Warden of his facility as well as the Warden's response denying the request. Dkt. 69, at 40, 42. As Mouw's request has been denied, exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Mouw's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Mouw bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020). The Court will address each of Mouw's arguments

MEMORANDUM DECISION AND ORDER - 5

in turn.

*1.  Unusually Long Sentence*

Mouw's primary argument in support of his request for compassionate release revolves around the idea that the sentence the Court imposed is "unusually long." He argues that, were he sentenced today, he would receive a much lighter sentence.

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 states that if a defendant has been given an unusually long sentence and has served at least ten years, a change in law can be considered in determining if there is an extraordinary and compelling reason, but only if this change in law creates a gross disparity between the sentence being served and the sentence as it would be imposed today.

Since the Court sentenced Mouw in 2017, Congress enacted the FSA. One provision therein outlines a non-retroactive change to federal drug trafficking laws that reduces the applicable mandatory minimum under 21 U.S.C. § 841(b)(1)(A) from 20 years to 15. Mouw argues the FSA creates such a disparity in his sentence and, thus, the Court should grant him a sentence reduction or compassionate release. Dkt 69, at 6-7.

The Government responds arguing that, *inter alia*, the Sentencing Commission exceeded its congressionally-delegated authority in promulgating U.S.S.G. § 1B1.13(b)(6), the mandatory minimum change is not extraordinary, a non-retroactive change to a provision cannot be compelling, and Mouw has not served the ten-year term required to invoke § 1B1.13(b)(6). Dkt 72. While the Court declines to address the remaining arguments, it agrees with the Government that Mouw has not served the required time to

MEMORANDUM DECISION AND ORDER - 6

invoke subsection (b)(6) and that, even if he had, the FSA provision is not retroactive.[6]

First, as noted, Mouw has served roughly 100 months of his 240-month sentence. This is not sufficient to invoke subsection (b)(6). *See* 88 Fed. Reg. at 28,258-59 (explaining that "to address administrative concerns raised by some commenters," subsection (b)(6) "limits the application of th[e] provision to individuals who have served at least 10 years of the sentence the motion seeks to reduce").

Second, even if Mouw had served 120 months, Congress made the deliberate choice *not* to make this amendment applicable to defendants who had been sentenced before the FSA' enactment. *See* (§ 401(c), 132 Stat. 5221 and § 403(b), 132 Stat. 5222 (specifying that the change would apply only "if a sentence for the offense has not been imposed as of such date of enactment").

For these two reasons, the Court cannot depart from its prior sentence or release Mouw at this time. Simply put, this change to the guidelines does not apply and cannot serve as an extraordinary or compelling reason justifying release.

## 2. *Medical Circumstances of the Defendant*

Mouw states in his motion, and elaborates in his subsequent reply, that his medical conditions include Bell's palsy, vertigo, cranial neuropathy, hyperlipidemia, a dental fracture, cervicogenic headaches, synkinesis of the left upper eyelid, crocodile tear syndrome, and a knee injury. Dkt 69, at 8; Dkt 73, at 5. He argues these conditions justify

---

[6] The Court recognizes the Government has constitutional and statutory concerns with the Sentencing Commission's actions in promulgating these changes (Dkt. 72, at 10–24), but the Court leaves those arguments for another day.

a sentence reduction under the medical prong of the compassionate release standard.[7]

The Court begins by expressing its sympathies to Mouw. These conditions can be difficult and anxiety-inducing, particularly when in prison. That said, these conditions are neither terminal nor serious functional or cognitive impairments. These conditions are largely treatable and can be addressed by the BOP, as Mouw acknowledges.[8] Dkt. 69 at 8. Therefore, the Court finds that Mouw's medical conditions do not amount to an "extraordinary and compelling" reason warranting early release.

### 3. Other Reason: Rehabilitation

---

[7] The following medical conditions can constitute extraordinary and compelling reasons justifying compassionate release:

> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory); or
>
> (ii) The defendant is—
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

§ 1B1.13, application note 1(A).

[8] *Bell's Palsy*, J.E. SCHMIDT, ATTORNEY'S DICTIONARY OF MEDICINE (Matthew Bender & Company, Inc., 2024) ("In mild cases, recovery comes in two or three weeks; in severe cases, the condition for last for months . . . ."); *Id. Meniere's Disease (Vertigo)* ("Although there is no cure, dizziness may be relieved by administration of [medications]."); *Id. Synkinesia* ("Involuntary movement of one area that occurs in association with voluntary movement of another area."); *Multiple Cranial Neuropathies*, JOHN HOPKINS MEDICINE. https://www.hopkinsmedicine.org/health/conditions-and-diseases/multiple-cranial-neuropathies (last visited May 30, 2025) (stating Bell's palsy is a type of cranial neuropathy and will often get better with time); *Hyperlipidemia*, CLEVELAND CLINIC. https://my.clevelandclinic.org/health/diseases/21656-hyperlipidemia (last visited May 30, 2025) (stating hyperlipidemia is high cholesterol that can usually be managed through exercise and healthy foods); *Cervicogenic Headache*, CLEVELAND CLINIC. https://my.clevelandclinic.org/health/diseases/21656-hyperlipidemia (last visited May 30, 2025) ("Physical therapy and medications treat these headaches . . . .").

The Court next turns to Mouw's argument that his rehabilitation efforts are extraordinary and compelling. First, the Court commends Mouw's work ethic and dedication to rehabilitation. It appears Mouw has completed many worthwhile programs, is uplifting those around him, and is making good personal progress. Dkt 69, at 21-22, 32-33, 35. While the Court acknowledges and appreciates Mouw's significant rehabilitation efforts—and strongly encourages him to continue such efforts—the Court does not find these rehabilitation efforts, on their own or in combination with his health conditions, sufficient to render his circumstances extraordinary and compelling. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

C.  Section 3553(a) Sentencing Factors

Finally, and in spite of the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against any reduction at this time.[9] Mouw was prosecuted for his role in distributing harmful drugs after meeting multiple times with an undercover officer

---

[9] This code section provides:

> Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 9

to sell methamphetamine. Dkt. 50, at 4. On one of these occasions, Mouw admitted having a firearm in his vehicle. *Id.* When arrested, Mouw was found to be in possession of 800.2 grams of methamphetamine. *Id.* Prior to this case, Mouw was convicted of, *inter alia*, carrying a concealed weapon, transportation and possession of methamphetamine, possession of marijuana, and possession of a weapon in a correctional facility. *Id.* at 6-9. While past conduct does not determine future conduct, these facts weigh against a reduction. Again, the Court appreciates that Mouw appears to have made efforts to turn his life around and pursue rehabilitation, but the seriousness of his crimes lends support to the idea that the public is best protected by Mouw's continued incarceration at this time.

## V. CONCLUSION

Mouw exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" for his release because he has not served the ten-year term required to invoke U.S.S.G § 1B13.1(b)(6), his medical conditions are neither terminal nor serious functional or cognitive impairments, and his efforts towards rehabilitation are not enough to constitute an extraordinary and compelling reason. Additionally, Mouw has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence at this time. Accordingly, Mouw's Motion for Compassionate Release is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Mouw's Motion to Reduce Sentence (Dkt. 69) is **DENIED**.

MEMORANDUM DECISION AND ORDER - 10

2. Mouw's Notice (Dkt. 71) and Motion to Strike (Dkt. 75) are **DENIED**.

DATED: June 6, 2025

David C. Nye
Chief U.S. District Court Judge